OFFICE OF DISCIPLINARY COUNSEL *v.* ALLEN.

[Cite as *Disciplinary Counsel v. Allen* (1997), 79 Ohio St.3d 494.]

(No. 97–434—Submitted June 25, 1997—Decided October 1, 1997.)

*J. Warren Bettis,* Interim Disciplinary Counsel, and *Lori J. Brown,* Assistant Disciplinary Counsel, for relator.

*H. Fred Hoefle,* for respondent.

*Per Curiam.* It is of utmost importance that the public have confidence in the integrity and impartiality of the judiciary. For that reason, Canon 2(B) of the Code of Judicial Conduct provides that a judge "should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness."

By her actions, respondent did use the prestige of her office to advance the private interests of others, namely a Cincinnati law firm. Her appearance had the potential to lead viewers of the commercial to believe that the firm had a special relationship with respondent. Because judges must not only avoid any impropriety, but also the appearance of impropriety, a judge must be constantly aware of the potential for the public to misunderstand her actions.

In mitigation, we note that before the production of the commercial respondent did not expect to appear in it, that she was called upon unexpectedly by the producers, and that she made her decision to sit on the bench without sufficient reflection about the situation in light of the canons relating to judicial conduct. Moreover, we note that later, when the matter was brought to respondent's attention, she reacted immediately and postively to ensure that the offending commercial was no longer broadcast and to recuse herself from any cases involving the law firm.

Having accepted the board's findings and conclusions, we adopt also its recommendation, and respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., HANDWORK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and LUNDBERG STRATTON, JJ., dissent.

PETER M. HANDWORK, J., of the Sixth Appellate District, sitting for RESNICK, J.

LUNDBERG STRATTON, J., dissenting. Because I believe respondent's actions were the result of a spur-of-the-moment decision, intended simply to depict a

judge in a courtroom setting, and were not intended to lend the prestige of her office to another's interest, I respectfully dissent and would dismiss the cause.

DOUGLAS, J., concurs in the foregoing dissenting opinion.