[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 494.]

OFFICE OF DISCIPLINARY COUNSEL *v.* ALLEN.

[Cite as *Disciplinary Counsel v. Allen*, 1997-Ohio-136.]

*Judges—Misconduct—Public reprimand—Appearance by municipal court judge on judge's bench in her courtroom in her judicial robes with her name plate visible in a television commercial produced for a law firm.*

(No. 97-434—Submitted June 25, 1997—Decided October 1, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 95-97.

———————————

{¶ 1} In 1995, producers of a television commercial for the law firm of Harmon, Davis & Keys Co., L.P.A., asked respondent, Hamilton County Municipal Court Judge Nadine Lovelace Allen of Cincinnati, Ohio, Attorney Registration No. 0026617, to sit on the judge's bench in her courtroom to add realism to a television commercial being produced for the law firm. In the thirty-second commercial, which was televised numerous times from June 26, 1995 through August 14, 1995, respondent does not speak, but she does appear on the bench in her judicial robes with her name plate visible during the last six seconds of the production. During those six seconds, four persons, ostensibly members of the law firm, approach one side of the bench and hand respondent a document, which she appears to peruse while the four persons turn and look toward the camera with pleasant expressions.

{¶ 2} Neither the producers nor the law firm gave respondent an opportunity to review the commercial before it appeared. After receiving an inquiry about the commercial from relator, respondent immediately contacted the law firm and asked that the television stations stop televising it. Respondent also immediately recused herself from hearing any cases in which the law firm was involved.

{¶ 3} Based upon these facts, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent's actions violated certain canons of the Code of Judicial Conduct. After respondent answered, the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), which considered the testimony of respondent, viewed the commercial, and received agreed stipulations. The panel concluded that respondent's actions violated Canon 1 (a judge should herself observe high standards of conduct to preserve the integrity and independence of the judiciary), 2 (a judge should avoid impropriety and the appearance of impropriety in all her activities), and 2(B) (a judge should not lend the prestige of her office to advance the private interests of others) of the Code of Judicial Conduct. The panel recommended that the respondent receive a public reprimand. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*J. Warren Bettis,* Interim Disciplinary Counsel, and *Lori J. Brown*, Assistant Disciplinary Counsel, for relator.

*H. Fred Hoefle*, for respondent.

———————————

**Per Curiam.**

{¶ 4} It is of utmost importance that the public have confidence in the integrity and impartiality of the judiciary. For that reason, Canon 2(B) of the Code of Judicial Conduct provides that a judge "should not lend the prestige of his office to advance the private interests of others; nor should he convey or permit others to convey the impression that they are in a special position to influence him. He should not testify voluntarily as a character witness."

{¶ 5} By her actions, respondent did use the prestige of her office to advance the private interests of others, namely a Cincinnati law firm. Her appearance had the potential to lead viewers of the commercial to believe that the

firm had a special relationship with respondent. Because judges must not only avoid any impropriety, but also the appearance of impropriety, a judge must be constantly aware of the potential for the public to misunderstand her actions.

{¶ 6} In mitigation, we note that before the production of the commercial respondent did not expect to appear in it, that she was called upon unexpectedly by the producers, and that she made her decision to sit on the bench without sufficient reflection about the situation in light of the canons relating to judicial conduct. Moreover, we note that later, when the matter was brought to respondent's attention, she reacted immediately and positively to ensure that the offending commercial was no longer broadcast and to recuse herself from any cases involving the law firm.

{¶ 7} Having accepted the board's findings and conclusions, we adopt also its recommendation, and respondent is hereby publicly reprimanded. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., HANDWORK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

DOUGLAS and LUNDBERG STRATTON, JJ., dissent.

PETER M. HANDWORK, J., of the Sixth Appellate District, sitting for RESNICK, J.

————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 8} Because I believe respondent's actions were the result of a spur-of-the-moment decision, intended simply to depict a judge in a courtroom setting, and were not intended to lend the prestige of her office to another's interest, I respectfully dissent and would dismiss the cause.

DOUGLAS, J., concurs in the foregoing dissenting opinion.

————————