**OHIO STATE BAR ASSOCIATION *v*. EVANS.**

[Cite as *Ohio State Bar Assn. v. Evans*, **137 Ohio St.3d 441, 2013-Ohio-4992.**]

*Judge misconduct—Violation of the Code of Judicial Conduct and the Rules for the Government of the Bar—One-year suspension, all stayed.*

(No. 2013-0231—Submitted March 13, 2013—Decided November 19, 2013.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 12-059.

_____

**Per Curiam**.

**{¶ 1}** Respondent, Judge David Dean Evans of Gallipolis, Ohio, Attorney Registration No. 0002043, was admitted to the practice of law in Ohio in 1972. He currently serves as judge of the general and domestic-relations divisions of the Court of Common Pleas of Gallia County. Relator, Ohio State Bar Association, charged Judge Evans with professional misconduct for failing to disqualify himself from a case in which the judge had an admitted conflict with defense counsel.

**{¶ 2}** The parties submitted a consent-to-discipline agreement recommending that Judge Evans be publicly reprimanded. The Board of Commissioners on Grievances and Discipline rejected the agreement and remanded the matter for further proceedings before a three-member panel of the board. On remand, the parties waived a hearing, submitted stipulations of fact and misconduct, and jointly recommended a stayed six-month suspension. The panel, and later the board, adopted the parties' stipulations and recommended sanction. No objections have been filed.

**{¶ 3}** While "we ordinarily accept the panel's and board's conclusions as to the propriety of an attorney's conduct or the appropriate sanction, and to that

extent, our decisions reflect deference to their expertise," as the ultimate arbiter of misconduct and sanctions in disciplinary cases, we remain free to exercise our independent judgment. *Disciplinary Counsel v. Kelly*, 121 Ohio St.3d 39, 2009-Ohio-317, 901 N.E.2d 798, ¶ 11. Given the judge's serious ethical violations and the significant harm caused by his misconduct, we impose a fully stayed one-year suspension.

## Misconduct

{¶ 4} The Gallia County public-defender commission, through a separate public-defender corporation, employed Robert W. Bright to represent indigent criminal defendants in the Gallia County Common Pleas Court. As the only judge of the general division of that court, Judge Evans presided over all felony cases in which Bright was appointed counsel.

{¶ 5} In the matter that led to this disciplinary proceeding, Bright represented a defendant who had initially agreed to enter into a plea agreement but during the plea hearing had decided against it. Moments later, the defendant changed his mind again, but at that point, Judge Evans refused to accept the plea. Judge Evans again refused to accept the plea agreement three days later when Bright and the county prosecutor jointly requested that the judge allow a plea change.

{¶ 6} Bright thereafter filed an 18-page motion requesting that Judge Evans accept the plea agreement and characterizing the judge's refusal to do so as "an abuse of discretion" and "unreasonable and/or arbitrary and/or unconscionable." Although irrelevant to the pending matter, Bright also criticized, at length, some of Judge Evans's other courtroom practices, such as the judge's alleged use of a "drop-dead date" for pleas. Judge Evans later described Bright's motion as "scathing" and showing Bright's "bias toward and contempt for the court," and he sent a copy of the motion to disciplinary counsel.

**{¶ 7}** Judge Evans also issued an entry overruling Bright's motion and sua sponte removing Bright as counsel in the matter. The entry stated:

The Court finds that while Defense Counsel's attitude toward the Court as expressed in the instant motion may not rise to the level of Professional Misconduct or to the level of being contemptuous, it certainly is not acceptable behavior. By such conduct he has created conflict with the Court whereby in this case or for that matter any other case in the future, when he does not agree with a decision or ruling by the Court, instead of being critical by accusation of being arbitrary, unreasonable, unconscionable or of abusing discretion, he simply may accuse the court of being bias [sic] or prejudice [sic] as it relates to him. The Court must not only avoid any impropriety, bias or prejudice but must avoid any appearance of such. The expressions and attitudes of Defense Counsel as exhibited and announced in the instant motion toward this Court compromises [sic] the Court's ability to avoid any appearance of bias [or] prejudice, or to be fair and impartial as it relates to Defense Counsel regardless [of] how hard it tries or what strides it makes toward guaranteeing that there would be no bias, prejudice and that it would be fair and impartial.

The Court finds in this case due to the conflict Defense Counsel has created with this Court and to protect the rights of Defendant, that Defense Counsel, Robert W. Bright should be relieved of further responsibility for representation of Defendant and that substitute counsel should be appointed.

**{¶ 8}** Judge Evans next filed entries removing Bright as appointed counsel in 63 other criminal cases—even though none of the defendants in any case had requested Bright's removal as their counsel. The entry in each case stated that "Attorney Robert W. Bright is relieved of further obligation due to the conflict he has created with the Court" and "due to the Court's inquiry to the Office of Disciplinary Counsel, Supreme Court of Ohio regarding Mr. Bright's conduct."

**{¶ 9}** Judge Evans's actions removed Bright's entire caseload, and within a month of the judge's entries, the Gallia County public defender terminated Bright's employment, reasoning that it had "no other options," since Bright could not practice in Judge Evans's courtroom. Disciplinary counsel ultimately decided against filing any charges against Bright based on Judge Evans's grievance.

**{¶ 10}** The parties stipulated, the board found, and we agree, that Judge Evans's conduct violated Jud.Cond.R. 2.11 (requiring a judge to disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including circumstances in which a judge has a personal bias or prejudice concerning a party or a party's counsel) and Gov.Bar R. V(11)(E) (requiring that all proceedings and documents relating to the review and investigation of grievances be private). Relator did not pursue Count III of its complaint, and the board recommends dismissal of that charge. Accordingly, Count III is hereby dismissed.

### Sanction

**{¶ 11}** In determining the appropriate sanction for judicial misconduct, we consider the ethical duties violated, the injury caused, the existence of aggravating and mitigating circumstances listed in BCGD Proc.Reg. 10(B), and our precedent. *Disciplinary Counsel v. Campbell*, 126 Ohio St.3d 150, 2010-Ohio-3265, 931 N.E.2d 558, ¶ 53, citing *Disciplinary Counsel v. Sargeant*, 118 Ohio St.3d 322,

2008-Ohio-2330, 889 N.E.2d 96, ¶ 28, and *Disciplinary Counsel v. Evans*, 89 Ohio St.3d 497, 501, 733 N.E.2d 609 (2000).

### 1. Duties violated and injuries caused

**{¶ 12}** "It is of utmost importance that the public have confidence in the integrity and impartiality of the judiciary." *Disciplinary Counsel v. Allen*, 79 Ohio St.3d 494, 495, 684 N.E.2d 31 (1997). For this reason, Jud.Cond.R. 2.11 requires that a judge disqualify himself or herself from a case in which he or she has a personal bias or prejudice "concerning a party or a party's lawyer" and also from "any proceeding in which the judge's impartiality might reasonably be questioned."

**{¶ 13}** Here, in Judge Evans's own words, Bright's motion created a "conflict" with the judge that "compromise[d] the Court's ability to avoid any appearance of bias [or] prejudice, or to be fair and impartial * * * regardless [of] how hard it tries." The judge's language indicates an actual personal bias concerning Bright—or at the very least, the existence of an appearance of bias or partiality. *See, e.g., Wilson v. Commonwealth*, 272 Va. 19, 28-30, 630 S.E.2d 326 (2006) (judge exhibited personal bias against an attorney by attempting to remove him as attorney for the defendant and peremptorily removing the attorney from the court-appointed-attorney list). Even if we concede that Bright's motion was inappropriate or disrespectful to Judge Evans, there is no dispute that Judge Evans—not Bright—unilaterally declared that a conflict existed. Contrary to the plain language of Jud.Cond.R. 2.11, Judge Evans cured the conflict by removing Bright as counsel in 64 cases, rather than by disqualifying himself. And in further violation of his ethical duties, Judge Evans, in his entries removing Bright, implied that Bright was the subject of a disciplinary investigation, even though disciplinary matters must be kept private and confidential until there has been a finding of probable cause or certification of a complaint. Gov.Bar R. V(11)(E).

In sum, the judge violated a fundamental principle of our judicial system and showed disrespect for our attorney-discipline process.

**{¶ 14}** Judge Evans's actions erode the public confidence in the integrity and impartiality of our judiciary. But his misconduct resulted in a more concrete injury to Bright, who lost his job as a public defender and his privacy protections under Gov.Bar R. V(11)(E). The judge's misconduct also likely harmed Bright's clients, who did not request his removal as their counsel.

*2. Aggravating and mitigating factors*

**{¶ 15}** The board found the existence of one aggravating factor: Judge Evans engaged in multiple offenses by filing an entry in 63 pending cases mentioning the possible disciplinary investigation into Bright's conduct. *See* BCGD Proc.Reg. 10(B)(1)(d). As an additional aggravating factor, we find that Judge Evans's misconduct caused harm to Bright and his clients. *See* BCGD Proc.Reg. 10(B)(1)(h) (vulnerability of and resulting harm to victims of misconduct).

**{¶ 16}** In mitigation, the board found (1) an absence of a prior disciplinary record, (2) an absence of a dishonest or selfish motive, (3) full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and (4) good character and reputation. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), (d), and (e). As to the fourth factor, the parties stipulated that Judge Evans's character and reputation "demonstrate his commitment to the judicial system and the citizens he serves," but the record lacks any additional evidence supporting this stipulation. While we have no reason to doubt Judge Evans's excellent reputation in his community, we give somewhat less weight to this factor without more evidence to support it. *Compare Disciplinary Counsel v. Elum*, 133 Ohio St.3d 500, 2012-Ohio-4700, 979 N.E.2d 289, ¶ 23 (the judge, in a fully stipulated case, submitted many letters of reference attesting to his commitment to his community).

*3. Applicable precedent*

**{¶ 17}** Neither the board nor the parties have cited any precedent supporting their recommendation of a stayed six-month suspension. We find the following judicial- and magistrate-discipline opinions instructive: *Disciplinary Counsel v. Gaul*, 127 Ohio St.3d 16, 2010-Ohio-4831, 936 N.E.2d 28 (stayed six-month suspension for a judge's making highly prejudicial and unnecessary remarks against a defendant and getting the media involved in a case by advising the media that he was going to issue an Amber Alert to locate a witness even though he knew he probably did not have the authority to issue such an alert); *Elum* (stayed six-month suspension for the judge's undignified and discourteous manner toward litigants, unnecessary involvement in a police-department administrative investigation, and failure to act impartially in and to disqualify himself from a proceeding involving the police department with which the judge had a history of conflict); *Disciplinary Counsel v. McCormack*, 133 Ohio St.3d 192, 2012-Ohio-4309, 977 N.E.2d 598 (stayed one-year suspension for a magistrate's pattern of misconduct in a single case, including acting in a discourteous and undignified manner, treating litigants with disdain, terminating hearings before the parties had presented all their evidence, and failing to timely resolve the matter); and *Disciplinary Counsel v. Campbell*, 126 Ohio St.3d 150, 2010-Ohio-3265, 931 N.E.2d 558, ¶ 53 (one-year suspension with six months stayed for a judge's multiple and repeated ethical violations in several matters, including conducting an improper investigation of a defendant, using undignified language toward counsel, failing to appoint counsel for an indigent defendant, making improper remarks from the bench about county commissioners, using his position as a judge to obtain access to a prosecutor's file, and improperly placing a defendant in a holding cell).

**{¶ 18}** Judge Evans's misconduct is comparable to the judicial misconduct in *Gaul* and *Elum*, in which both judges received stayed six-month

suspensions. However, a significant aggravating factor is present here that was absent in those cases: i.e., harm to the victims. Indeed, in *Gaul*, the board found that the victim of the judge's misconduct "suffered no actual prejudice." *Gaul*, ¶ 75. *See also Elum*, ¶ 23 (harm to victim was not listed as an aggravating factor). However, that aggravating factor was present and considered in *McCormack*, in which an attorney received a stayed one-year suspension for his misconduct while serving as a magistrate. *McCormack*, ¶ 19 (the magistrate's misconduct "caused harm to vulnerable litigants who bore the time commitment and expense of multiple hearings for well over a year without movement toward the resolution of their conflict"). On the other hand, Judge Evans's misconduct does not rise to the level of that of Judge Campbell—either in the number of rule violations or the persistency of the misconduct—who received a one-year suspension with six months stayed. Therefore, a lesser sanction than was imposed in *Campbell* is justified here.

{¶ 19} Accordingly, we find that the midrange sanction is proper. We have previously imposed sanctions harsher than that recommended by the board because of the harm caused by a judge's misconduct. *See, e.g., Disciplinary Counsel v. Russo*, 124 Ohio St.3d 437, 2010-Ohio-605, 923 N.E.2d 144, ¶ 31 (rejecting the recommended sanction of a stayed six-month suspension and imposing a stayed one-year suspension because "a sanction more rigorous than the board's recommendation is required for the harm caused by respondent's improprieties").

**Conclusion**

{¶ 20} Judges are subject to the highest standards of ethical conduct. *Russo*, ¶ 13, citing *Mahoning Cty. Bar Assn. v. Franko*, 168 Ohio St. 17, 23, 151 N.E.2d 17 (1958). Given Judge Evans's serious ethical violations and the significant harm caused by his misconduct, and having considered the aggravating and mitigating factors and sanctions imposed for comparable conduct, we

conclude that a stayed six-month suspension, as recommended by the board, is too lenient and that a stayed one-year suspension is more appropriate. Accordingly, Judge David Dean Evans is hereby suspended from the practice of law in Ohio for one year, with the entire suspension stayed on the condition that he commit no misconduct during the suspension. If Judge Evans fails to meet this condition, the stay will be lifted and Judge Evans will serve the entire one-year suspension. Costs are taxed to Judge Evans.

Judgment accordingly.

O'CONNOR, C.J., and LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

PFEIFER, J., dissents with opinion.

O'DONNELL, J., dissents and would impose a six-month suspension, stayed, as recommended by the board.

————————————

**PFEIFER, J., dissenting.**

{¶ 21} Judges in smaller counties encounter problems that those in larger counties are able to address rather easily. When a judge in a large county has an irreconcilable conflict with an attorney, that attorney's cases can be assigned to another judge. In smaller counties, especially those like Gallia County that have only one judge in the general division of the court, that simple resolution is not possible.

{¶ 22} Judge David Evans, upon concluding that he and attorney Robert Bright had an untenable working relationship, filed entries removing Bright from all cases in which Bright had been appointed as counsel. In my opinion, that was a reasonable reaction to the problem that he confronted. It was better than having visiting judges assigned to a host of routine cases, better than having an antagonistic relationship between a judge and a public defender. Better still

9

would have been an amicable reconciliation; but the record suggests that that was not possible.

**{¶ 23}** In the circumstances before us, it is more sensible for the attorney to give way than the judge. Judge Evans was elected by the people of Gallia County to serve as their sole judge; however highly skilled, attorney Bright is an at-will employee. Surely, when an irreconcilable conflict prevents them from working on cases, the elected judge should supersede the at-will employee.

**{¶ 24}** This case is not like the cases to which this court compares it. In *Disciplinary Counsel v. Gaul*, 127 Ohio St.3d 16, 2010-Ohio-4831, 936 N.E.2d 28, the judge made prejudicial and unnecessary comments against a defendant and informed the media that he was going to issue an Amber Alert for a missing witness when he knew that he probably did not have the authority to issue that alert. In *Disciplinary Counsel v. Elum*, 133 Ohio St.3d 500, 2012-Ohio-4700, 979 N.E.2d 289, the judge treated litigants discourteously and unnecessarily involved himself in an administrative investigation into a police officer's conduct. In *Disciplinary Counsel v. McCormack*, 133 Ohio St.3d 192, 2012-Ohio-4309, 977 N.E.2d 598, the magistrate terminated hearings before all the evidence was presented and failed to timely resolve the matter before him. In *Disciplinary Counsel v. Campbell*, 126 Ohio St.3d 150, 2010-Ohio-3265, 931 N.E.2d 558, the judge failed to appoint counsel for an indigent defendant, used his position as a judge to obtain access to a prosecutor's file, and improperly placed a defendant in a holding cell. Judge Evans did none of these things. He merely concluded that he and attorney Bright could not work together and then took steps to ensure that that fact didn't result in his appearing to handle cases with prejudice.

**{¶ 25}** The parties submitted a consent-to-discipline agreement that recommended that Judge Evans be publicly reprimanded. That is an appropriate sanction. Because this court issues a suspension, I dissent.

———————————

Eugene P. Whetzel; Nolan, Sprowl & Smith and Edward M. Smith; and Jason M. Dolin, for relator.

Montgomery, Rennie & Jonson, George D. Jonson, and Lisa M. Zaring, for respondent.

_____